IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCIROCCO GILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 12-cv-6746 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| NICHOLAS LUDWIG and the CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Scirocco Giles, filed a motion for a new trial [203] pursuant to Federal Rule of Civil Procedure 59, arguing the Court erred by not barring defense expert Dr. Spitz or allowing Giles to re-depose him or offer a rebuttal expert and by dismissing Giles' claims against the City of Chicago ("City"). Giles also preserves his evidentiary objections from trial. For the reasons set forth below, the Court denies the motion.

**Background**

On September 20, 2011, the Chicago Police stopped a car in which Giles was a passenger. The officers asked Giles to step out of the car. Giles was carrying a gun, but asserts that he did not ordinarily do so. Giles took off running when the police officers asked him to place his hands on the hood of the car. Officer Nicholas Ludwig heard about a foot chase over his radio. The announcement described the individual being chased, but did not state whether the suspect was armed. Ludwig responded to the call. Ludwig shot Giles, who is paralyzed from the waist down as a result.

This Court held a jury trial from October 1 through October 9, 2014, on Giles' seven-count Amended Complaint, alleging defendant Officer Nicholas Ludwig violated Giles' constitutional rights by using excessive force, engaged in malicious prosecution, intentionally inflicted emotional distress and caused a battery. Giles also sued the City of Chicago under a *Monell* theory as well as respondeat

superior and indemnification. On October 7, 2014, the Court granted the City's motion for judgment as a matter of law and dismissed it from the case. On October 9, 2014, the jury returned a verdict in favor of Ludwig.

**Legal Standard**

Under Rule 59, the Court may grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P.59(a)(1)(A). A new trial should be granted "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the Court's] conscience." *Davis v. Wis. Dep't of Corr.*, 445 F.3d 971, 979 (7th Cir. 2006) (quoting *Latino v. Kaizer*, 58 F.3d 310, 315 (7th Cir. 1995). A party seeking a new trial based on alleged legal errors "bears a heavy burden." *Alverio v. Sam's Warehouse Club, Inc.*, 253 F.3d 933, 939 (7th Cir. 2001). To prevail, Giles must show that the Court abused its discretion, and then he must demonstrate that the errors denied him a fair trial affecting its outcome. *See Rasic v. City of Northlake*, 2010 WL 3365918, at *6, 2010 U.S. Dist. LEXIS 86815, 17-18 (N.D. Ill. Aug. 24, 2010) (internal citations omitted).

**Discussion**

As an initial matter, defendants claim that Giles' motion is untimely because Rule 59 provides a 28-day window after the entry of judgment in which a party must file their motion. *See Fed.R.Civ.P.59(b)*. This District's General Order 14-0024 on Electronic Filing, § V(A), provides that the date of entry of judgment is the date of the electronic transmission of the court's order to the Electronic Case Filing System ("CM/ECF"). In this case the Court's order was transmitted to CM/ECF on October 15, 2015, therefore Giles' November 10, 2014, motion for a new trial is timely.

Giles argues that the Court should grant him a new trial based on several errors. First, Giles asserts that the Court erred by allowing defense expert Dr. Spitz to testify, by not allowing Giles to re-depose Dr. Spitz on the new report and by not allowing Giles to call a rebuttal witness. Second, Giles

2

argues that the Court erred when it dismissed the City from the case after finding that Giles had not proved his *Monell* claims. Third, Giles re-raises all his evidentiary objections from trial.

*1. Dr. Spitz*

Giles first argues that the Court erred by not barring defense expert and forensic pathologist Dr. Daniel Spitz. "A Rule 59(a) motion is not 'a vehicle for parties to relitigate issues,' but 'a device properly used to correct manifest errors of law or fact or to present newly discovered evidence.'" *Tamao v. Abbott Labs., Inc.,* No. 04 C 3470, 2007 WL 2225905, at *4, 2007 U.S. Dist. LEXIS 55820 (N.D. Ill. July 31, 2007). Here, Giles rehashes the same arguments that this Court already considered and rejected in its Order on the Giles Motion to Bar and Motion *in limine*. Giles brings forth no new factual or legal reasoning to explain the Court's alleged error. In ruling on the motion to bar, this Court found that Dr. Spitz is qualified as an expert in forensic pathology under the standard set forth in *Daubert v. Merrel Dow Pharms., Inc.,* 509 U.S. 579 (1993). This Court further found that Dr. Spitz based his opinions on sufficiently reliable scientific evidence. This Court declines to reconsider its ruling now without a new basis for altering its findings.

Giles also argues that the Court erred by not by not allowing Giles to re-depose Dr. Spitz, and by not allowing Giles to call a rebuttal expert witness. With respect to the first alleged error, Giles made no actual request to depose Dr. Spitz following his Addendum Report. In his Motion *in limine* to bar the Addendum Report, Giles argued that it would be prejudicial for him to proceed to trial without deposing Dr. Spitz on his new report, but Giles asserted that further discovery would be overly burdensome. (*See* Dkt. 152, *Mot. in Limine*, No. 14, at 2-3). Giles also did not make the request at trial. This Court therefore finds no error and considers the argument waived. *See Gen. Auto Serv. Station v. City of Chicago,* 526 F.3d 991, 1006 (7th Cir. 2008) ("Arguments that could have been made earlier but are instead raised for the first time in a Rule 59 motion are waived"). Similarly, Giles made only one request, in his request for relief in his Motion to Bar Dr. Spitz's testimony, to present a rebuttal witness. This Court denied the Motion to Bar without prejudice and without expressly ruling on Giles' request

for a rebuttal witness. Giles did not reassert the request at any other point before or during trial or even in his reply brief in support of that motion. Giles thus appears to have abandoned the request and without further attempts to call a rebuttal witness this Court finds no basis for error.

*2. Dismissal of the City of Chicago*

Next, Giles argues that this Court erred by granting the City's motion for judgment as a matter of law at the close of plaintiff's case. Giles asserts that he had put on sufficient evidence to support his *Monell* claim and that the dismissal greatly prejudiced him in the eyes of the jury.

To prove his *Monell* claim for municipal liability, Giles had the burden to show: (1) that Ludwig violated his constitutional rights by shooting him; (2) that at the time of the shooting it was the practice of the City not to adequately investigate and discipline the use of excessive force; (3) the City's final policymaker was deliberately indifferent to this practice; and (4) that the City's widespread practice was a direct cause of or the moving force behind the violation of Giles' constitutional rights. *See Chortek v. City of Milwaukee,* 356 F.3d 740, 748 (7th Cir. 2004); *Monell v. New York City Dept. of Social Servs.*, 436 US. 658, 690-94 (1976).

In support of his argument, Giles cites evidence presented at trial without specific references to the record. Since the Court made its ruling at the close of plaintiff's case, it had all the evidence before it that Giles reasserts now. Essentially, Giles is seeking reconsideration of that ruling granting the City's Rule 50 motion without explaining why the Court erred and why he is entitled to a new trial. Yet, in reviewing the evidence adduced at trial this Court maintains that Giles did not present sufficient evidence to meet his burden to show municipal liability. Giles points to the lack of police involved shootings found to be unjustified; the length of investigations; Roger Clark's testimony; and the lack of adequate funding for IPRA. Even taking this evidence in the light most favorable to Giles it is insufficient to meet his burden. There was no evidence that Ludwig was aware of the number of police involved shootings, the length of investigations, or the outcome of those investigations and such evidence would be necessary to show that he acted based on the belief that he would not be subjected

4

to discipline. Moreover, there was no evidence that the length of investigation rendered the investigation inadequate. It is too far a logical leap to find that the lack of police involved shootings found to be unjustified results from a widespread custom and practice that led to the shooting of Giles. Accordingly, there was insufficient proof of causation and deliberate indifference to sustain a *Monell* claim.

Additionally, this Court finds unavailing Giles' assertion that the dismissal of the City at the close of his case prejudiced him in the eyes of the jury. Courts regularly dismiss parties during trial for a number of reasons. There is no indication that this jury was influenced by the dismissal of the City or that they speculated that the reason for the dismissal was adverse to plaintiff. This Court properly instructed the jury that they were to give no consideration to the dismissal of the City.

*3. Remaining Objections*

This Court acknowledges that Giles preserves his objections made at trial for any appeal that he may seek.

**Conclusion**

Based on the foregoing, this Court denies Giles' Rule 59 Motion for a New Trial [203].

IT IS SO ORDERED.

Date:   June 17, 2015

Entered
SHARON JOHNSON COLEMAN
United States District Judge